Motion to dismiss appeal denied April 5, 1927, argued on the merits April 17, affirmed September 25, 1928.

COOS COUNTY ET AL. *v.* STOUT LUMBER. CO. ET AL.

(270 Pac. 491.)

For appellants there was a brief over the names of *Mr. J. B. Bedingfield,* District Attorney, and *Mr. James Watson,* with an oral argument by *Mr. John G. Mullen.*

For respondent there was a brief and oral argument by *Mr. Edward H. Joehnk.*

RAND, C. J.—Coos County instituted proceedings in the Circuit Court for that county to foreclose certain certificates of delinquency which had been issued to the county for the nonpayment of taxes. Among those was a certificate of delinquency upon lands belonging to one Theodore F. Hauschildt but which had

been assessed in the name of James McIntosh, the former owner thereof, and who at the time of the assessment was dead. The county obtained a decree foreclosing the certificate last referred to and pursuant to such foreclosure and decree, the land was sold and bid in by W. T. Moffett, the appellant herein, who paid to the county the amount of the unpaid taxes upon said land. Subsequently and within one year after the entry of said decree, the said Hauschildt, pursuant to the provisions of Section 4363, Or. L., intervened in the original suit for the purpose of having the proceedings and sale of the land vacated and set aside, and at said time tendered into court for payment to Moffett a sum of money sufficient to pay Moffett all amounts due him by reason of such foreclosure and sale. Hauschildt did not appear in the original foreclosure suit instituted by the county and was not personally served with notice or summons of the county's application for a decree of foreclosure and, therefore, under Section 4363, Or. L., was entitled to intervene in the suit by the county and to obtain the relief prayed for by him in his petition of intervention.

Section 4363, Or. L., provides as follows:

"No certificate of delinquency or sale of land for taxes, or deed made in pursuance thereof shall be of any validity if the taxes for which the certificate was issued shall have been paid prior to the issuance of such certificate; provided, that any defendant or person owning or interested in any of the lands, tracts or lots against which judgment and decree has been rendered, and who has not been personally served with the notice or summons of the application for judgment or decree of foreclosure, and who has not appeared therein, may, upon good cause shown and

upon such terms as may be proper, be allowed to defend and file his objections after such judgment or decree, and within one year after the entry thereof, upon such terms as may be just; and if the defense be successful the said judgment or decree, and all proceedings thereunder, shall be vacated, set aside and held as though they had never been made or had; and if the defense is unsuccessful the court shall enter an order dismissing the defense and objections, and the judgment or decree and proceedings thereunder shall stand unaffected by said defense.''

After the hearing of the above cause, the Circuit Court rendered its decree vacating and setting aside the foreclosure and sale of the lands referred to and directed the paying over to Moffett of the amount he was entitled to by reason thereof. From that decree Moffett has appealed.

After an examination of the record, we find no irregularity in the proceedings which could in any way affect the rights of Moffett and no error of the court in vacating and setting aside the proceedings so far as they affect the lands in question. For that reason the decree will be affirmed. AFFIRMED.

BEAN, BELT and COSHOW, JJ., concur.